NELLIE G. GROVER, appellant,

*v.*

JOHN B. GROVER, respondent.

[Filed June 16th, 1902.]

Upon the facts shown—*Held*, that a desertion for the statutory period is not proven.

On appeal from a decree advised by Vice-Chancellor Stevenson dismissing a petition for divorce, whose opinion is reported in *18 Dick. Ch. Rep. 771.*

*Mr. Leon Abbett,* for the appellant.

PER CURIAM.

Two grounds are set out in the opinion of the learned vice-chancellor upon which he advised a dismissal of the petition. The first is that the proofs submitted failed to show a willful, continued and obstinate desertion of the petitioner by the defendant for the statutory period of two years preceding the filing of the petition.

Our examination of the proofs satisfies us of the soundness of the conclusion of the vice-chancellor upon this point.

The second ground upon which the decree of dismissal was advised is that "the fair inference, from the whole testimony, is that the petitioner became a resident of New Jersey in order to get a divorce, in case her husband maintained his separation from her continuously for two years; and that her case fails because she does not prove that she became a permanent, indefinite resident, *animo manendi.*" We agree with the vice-chancellor that it may be fairly inferred that the petitioner became a resident of this state for the purpose of taking advantage of our divorce laws if the conditions permitted it, but we are not prepared to admit the soundness of his conclusion that the proofs fail to establish the permanency of her residence, and we refrain from expressing an opinion upon that point. Nor are we pre-

pared, either, to concur in, or dissent from, the views expressed by the vice-chancellor in his opinion that "where the deserted spouse comes into this state from a state in which desertion is not a cause of absolute divorce, if his residence here must be interpreted and characterized, in respect of its nature and contemplated duration, solely by his own testimony in regard to his motives, purposes and intentions, his prompt application for a divorce at the expiration of the statutory period of two years should, in every case, be denied, on the ground that he has failed to establish the jurisdictional fact of residence, within the meaning of our statute."

The decree below should be affirmed, for the reason that a desertion of the petitioner by the defendant for the statutory period is not proved.

*For affirmance*—The Chief-Justice, Van Syckel, Dixon, Garrison, Collins, Fort, Garretson, Hendrickson, Pitney, Bogert, Adams, Vredenburgh, Vroom—13.

*For reversal*—None.